IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES CARTER,** | ) | |
| Petitioner, | ) | Civil Action No. 12-69 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| **ROBERTY L. FARLEY,** | ) | |
| **Warden, FCI Elkton,** | ) | |
| Respondent. | ) | |

## OPINION AND ORDER[1]

Petitioner, James Carter, has filed a petition for a writ of habeas corpus with this Court pursuant to 28 U.S.C. § 2241.  Carter is confined in the Federal Correctional Institution ("FCI") in Elkton, which is located in Columbiana County, Ohio.  He correctly names as the Respondent his custodian, the Warden of FCI Elkton, Robert L. Farley.[2]  In his Answer [ECF No. 5], Warden Farley contends that the petition should be dismissed because the Court lacks personal jurisdiction over him.  The Court agrees and shall dismiss this case without prejudice to Carter filing it in the U.S. District Court for the Northern District of Ohio (FCI Elkton is located in the territorial district of that court).

I.

**A.**   **Relevant Background**

On October 15, 2002, Carter pleaded guilty in this Court before the Honorable Maurice B. Cohill, Jr., to one count of distribution of less than five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C).  Judge Cohill subsequently sentenced him and enhanced his criminal

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] In a habeas case such as this, the proper respondent is the individual who has custody over the petitioner.  See 28 U.S.C. § 2242 (the proper respondent to a habeas petition is "the person who has custody over [the petitioner]."); id. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").  Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).  The person who has custody of Carter is Robert L. Farley, the Warden of FCI Elkton.

history category under "The Career Offender Act" because of two prior convictions from Category IV to Category VI pursuant to U.S.S.G. § 4B1.1.  This raised his total criminal history points and enhanced his sentence from 57-71 months to 151-188 months.  See docket for United States v. Carter, No. 1:02-CR-11 (W.D. Pa.).

On appeal, Carter argued that the Court failed to rule on his argument at sentencing that the career offender guideline over-represented the seriousness of his criminal history.  The U.S. Court of Appeals for the Third Circuit disagreed and affirmed Carter's judgment of sentence on November 5, 2003.  United States v. Carter, 80 F.App'x 253 (3d Cir. 2003).  Carter has filed at least one motion to vacate, set aside or correct his judgment of sentence pursuant to 28 U.S.C. § 2255, which Judge Cohill has denied.

In the instant petition for a writ of habeas corpus, Carter appears to be once again challenging his judgment of sentence.  He contends that he may raise this challenge in a § 2241 petition.  As relief, he requests that this Court issue an order directing Warden Farley to release him from custody.  [See ECF No. 3 at 19].  In his Response, Warden Farley asserts that the instant action must be dismissed because this Court does not have personal jurisdiction over him.  [ECF No. 5].  Carter has filed a Reply [ECF No. 7], and the matter now is ripe for review.

**B.**  **Discussion**

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" Rumsfeld, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)).  As Warden Farley contends, as in other civil actions, a court must have personal jurisdiction over the respondent in a habeas action.  See id. ("Thus, jurisdiction over Padilla's habeas petition lies in the Southern District [of New York] only if it has jurisdiction over Commander Marr [Padilla's custodian]."; id. at 446-47 ("the proviso that district courts

may issue the writ only 'within their respective jurisdiction' forms an important corollary to the immediate custodian rule in challenges to present physical custody under § 2241. Together they impose a simple rule that has been consistently applied in the lower courts …: Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). See also Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973); L. Yackle POSTCONVICTION REMEDIES § 12:3 (July 2012 ed.) ("The determination of whether a court has jurisdiction over a habeas petition breaks down into two related subquestions: (1) who is the proper respondent to that petition? and (2) does the court have jurisdiction over him or her?" The failure to satisfy these two requirements deprives the federal court of jurisdiction, requiring dismissal of the petition without prejudice[.]") (footnotes, internal quotations and brackets omitted).

    A federal district court is permitted to exercise personal jurisdiction over an out-of-state defendant/respondent to the extent authorized by the law of the forum state. See, e.g., Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987). Accordingly, this Court looks to Pennsylvania law to determine whether it may exercise personal jurisdiction over the non-resident Respondent. Because Pennsylvania's long-arm statute is coextensive with the due process clause of the U.S. Constitution, see 42 Pa.C.S. § 5322(b), the Court may have personal jurisdiction if: (1) the particular cause of action sued upon arose from Respondent's activities in the forum state ("specific jurisdiction"); or (2) Respondent has "continuous and systematic" contacts with the forum state ("general jurisdiction"). Id. (citing, *inter alia*, Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 412-13, 414 (1984)).

Neither factor has been established in this case. The instant controversy does not arise from activities by the Warden Farley in Pennsylvania. Nor is there any showing that he has "continuous and systematic" contacts with the state of Pennsylvania.

## II.

For the reasons set forth above, this Court lacks personal jurisdiction over the Respondent and, therefore, this case is dismissed without prejudice.

Dated: July 27, 2012

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES CARTER,** ) | |
| Petitioner, ) | Civil Action No. 12-69 Erie |
| ) | |
| v. ) | |
| ) | Magistrate Judge Susan Paradise Baxter |
| **ROBERTY L. FARLEY,** ) | |
| **Warden, FCI Elkton,** ) | |
| Respondent. ) | |

## **ORDER**

AND NOW, this 27th day of July, 2012;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DISMISSED without prejudice. The Clerk of Courts is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge